09-0500-cv
Braun v. Securitas Sec. Servs.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of April, two thousand ten.

PRESENT: WILFRED FEINBERG,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges.*

---------------------------------------------------------------------------------------

PATRICIA BRAUN,

*Plaintiff-Appellant*,

v.                                                                              No. 09-0500-cv

SECURITAS SECURITY SERVICES USA, INC.,
FRANK TROMBINO,

*Defendants-Appellees*.

---------------------------------------------------------------------------------------

APPEARING FOR APPELLANT: PATRICIA BRAUN, *pro se*, Deer Park, New York.

APPEARING FOR APPELLEES: WILLIAM H. HEALEY, Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C., West Orange, New Jersey.

Appeal from the United States District Court for the Eastern District of New York

(Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment entered on January 21, 2009 is AFFIRMED.

Pro se plaintiff Patricia Braun appeals from an award of summary judgment in favor of defendants Securitas Security Services USA, Inc. ("Securitas") and Frank Trombino on her claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. We review an award of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008). While we will not uphold an award of summary judgment in favor of the defendant if the evidence is sufficient to permit a reasonable jury to find for the plaintiff, the plaintiff must point to more than a "scintilla" of evidence supporting her position to defeat summary judgment. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Here, construing all the facts in Braun's favor, as we must, we conclude that the district court properly entered summary judgment for defendants. We, therefore, affirm the district court's judgment for substantially the reasons stated in its opinion. We write only to explain why we are not persuaded by Braun's arguments on appeal.

Braun principally asserts that defendants' proffered reason for her termination – i.e., her failure to appear at a scheduled work assignment – was a pretext for discrimination. See Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc., 198 F.3d 68, 72 (2d Cir. 1999). Braun does not, however, dispute that she was released from the hospital on January 13, 2006, before her scheduled work assignment, or that she did

2

not appear for work at Pall RAI in Hauppauge, New York, on January 14-15, 2006, the dates when Securitas had contracted to provide security personnel at that location.

"[T]he ultimate burden rests with the plaintiff to offer evidence 'sufficient to support a reasonable inference that prohibited discrimination occurred.'" Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (alteration omitted) (quoting James v. N.Y. Racing Ass'n, 233 F.3d 149, 156 (2d Cir. 2000)). A court must "examin[e] the entire record to determine whether the plaintiff could satisfy [her] 'ultimate burden of persuading the trier of fact that the defendant[s] intentionally discriminated against the plaintiff.'" Schnabel v. Abramson, 232 F.3d 83, 90 (2d Cir. 2000) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)).

Examining the entire record in this case, we conclude that Braun has not adduced sufficient evidence to raise an inference of prohibited discrimination or retaliation. To the contrary, the undisputed record shows that Braun was laid off from the Newsday site when Securitas lost its account with Newsday in August 2005. Despite Braun's having agreed that her employment was "at will" and that Securitas was "free to terminate the employment relationship at any time for any or no reason, with or without notice, before or after the job start date," Standards of Employment, Securitas thereafter offered her a choice of four reassignment posts, which she ultimately declined. After an additional thirty days of inactivity, which caused Braun's employment to be deemed voluntarily terminated, Securitas once again offered Braun a choice of four reassignment posts. These repeated reassignment offers belie a claim of employer intent to discriminate or retaliate by terminating Braun.

3

Only when Braun could not appear for work at Pall RAI on January 14-15, 2006, did Securitas finally rescind a re-employment offer that it made on January 3, 2006. Whether Braun did or did not have a valid reason for failing to appear for work on those days, the record of Securitas's repeated attempts to retain Braun despite downsizing and Braun's inactivity precludes a finding that the adverse action was discriminatory or retaliatory. Accordingly, the district court correctly entered summary judgment for defendants.

We have considered Braun's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4